# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WALTER F. KREITLOW,**

    **Plaintiff,**                      **CASE NO.: 4:17-cv-00242**

v.

**STATE OF FLORIDA, DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION,**

    **Defendant.**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **STATE OF FLORIDA, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION,** ("DBPR" or "Defendant"), pursuant to 28 U.S.C. §§ 1441, 1443, 1446 and 1343, and N.D. Fla. Loc. R. 7.2, hereby files this Notice of Removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida to the United States District Court, Northern District of Florida, Tallahassee Division, and in support thereof states the following grounds:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. §1331, *et seq.*, to remove this action from the Second Judicial Circuit in and for Leon County, Florida, where it is now pending under the name and style of: <u>Kreitlow v. State of Florida, Department of Business and</u>

Professional Regulation, Leon County Circuit Court Case No. 2014-CA-2389 (hereinafter referred to as the "Circuit Court Action").

2.  Plaintiff originally filed a Complaint containing state law claims against six individual defendants, including Florida Governor Rick Scott, on September 9, 2014, and an Amended Complaint on January 14, 2015. The state Court dismissed the claims against the individual defendants without prejudice to raise the same claims against DBPR.

3.  Plaintiff filed a one-count Second Amended Complaint on May 7, 2015, against DBPR for an alleged violation of the Florida Uniformed Servicemembers Protection Act or ("FUSPA"); and the Uniformed Services Employment and Reemployment Rights Act of 1994 or ("USERRA").

4.  On April 27, 2017, Plaintiff filed a Third Amended Complaint adding six counts:

**Count I: Florida Public Whistle Blower Act,** pursuant to § §112.3187 et seq. ("FWPA")

**Count II: Disability Discrimination**, pursuant to Florida Civil Rights Act, §760.11, et. seq. ("FCRA"); and 29 U.S.C. §794, et. seq. ("Rehabilitation Act").

**Count III:  Retaliation** pursuant to FCRA

**Count IV: Hostile Work Environment**, pursuant to §250.81-250.84, Fla. Stat., (Florida Uniformed Servicemembers Protection Act or "FUSPA"); and 38 U.S.C.A. §4311 (Uniformed Services Employment and Reemployment Rights Act of 1994 or "USERRA").

**Count V**: **Retaliation** pursuant to USSERA.

**Count VI: Wrongful Termination** pursuant to USSERA.

**Count VII: Declaratory Judgment** under 57.105 to interpret FUSPA. (*See* **Exhibit A,** Complaint at ¶¶1, 27 and 33). This Court has federal question jurisdiction over Plaintiff's discrimination claims brought pursuant to the Rehabilitation Act.

5.  The filing of the Third Amended Complaint represents the first opportunity for DBPR to seek removal in this Court.

6.  Pursuant to 28 U.S.C. §1446(a), copies of the Summons, Complaint, and Acceptance of Service, as well as all other process, pleadings, motions and orders on file in the Circuit Court Action to date are attached to this Notice of Removal as **"Exhibit A."** To the undersigned's knowledge, no other papers or pleadings have been filed in the Circuit Court Action other than those attached hereto.

7.  Although Plaintiff filed the Third Amended Complaint without asking leave of the Court or getting consent from Defendant as required by

Fla. R. Civ. P. Rule 1.190(a), in accordance with the requirements of 28 U.S.C. §1446(b)(2)(B), this Notice of Removal is filed within 30 days after the Third Amended Complaint (on April 27, 2017) was filed and DBPR consented to the amending the Second Amended Complaint (May 8, 2017).

8. Venue in this District and Division is proper for purposes of removal under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action was filed and is pending – Leon County, Florida.

9. Pursuant to 28 U.S.C. §1446(d), written and electronic notice of filing this Notice of Removal has been served upon Plaintiff's counsel. A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law. *Id.*

### Removal Based on Federal Question Jurisdiction

10. Unless specifically prohibited by an act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

§1441(a). This Court possesses original jurisdiction over this civil action because it involves federal questions under the Rehabilitation Act.

11. This Court also has pendent jurisdiction over the state FCRA and FPWA claims pursuant to 28 U.S.C. §1441(c).

12. This Court does not have subject matter jurisdiction over the FUSPA or USERRA claims in counts IV through VII. 28 U.S.C. § 1367(c)(3) As explained in an unpublished 11th Circuit decision, jurisdiction to entertain private USERRA suits against state employers, such as DBPR, lies exclusively in state court. *See Wood v. Florida Atl. Univ. Bd. of Trustees*, 432 Fed. Appx. 812, 815 (11th Cir. 2011). As such, it would be appropriate for this Court to take jurisdiction of the federal and pendent claims of disability discrimination and whistleblowing under the state and federal statutes (Counts I, II and III), and to not exercise supplemental jurisdiction over the FUSPA and USERRA claims. *Id.* (upholding disposal of non-USERRA related claims and refusal to exercise supplemental jurisdiction over USERRA claim).

13. As such this Court can sever and remand counts IV through VII and remand them to the state Court. Section 28 U.S.C. §1441(c), states in relevant part:

> **(c) Joinder of Federal law claims and State law claims.—**
> **(1)** If a civil action includes--

> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> **(B)** a claim not within the original or supplemental jurisdiction of the district court ***or a claim that has been made nonremovable by statute,*** the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> **(2)** Upon removal of an action described in paragraph (1), t**he district *court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.*** Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

(emphasis added).

As such it would be proper for this Court to accept jurisdiction of Counts I through III, Involving disability discrimination, retaliation and whistle blowing; and remand Counts IV – VII, involving the USERRA and FUSPA claims.

14. Because the requirements for removal are satisfied, this Court should accept jurisdiction over Counts I- III of the Third Amended Complaint.

**WHEREFORE**, Defendant respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of Counts I through III of this action, and henceforth that this action be placed on the

docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 26th day of May, 2017.

Respectfully submitted,

*/s/ Hetal Desai McGuire*
**HETAL DESAI MCGUIRE**
Florida Bar No. 050938
E-mail: hdesai@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar No.: 0000795
E-mail: rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of May, 2017, a true and correct copy of the foregoing was electronically filed in the US District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Hetal Desai McGuire*
**HETAL DESAI MCGUIRE**