UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVIAION

**WALTER KREITLOW,**  CASE NO. 4:17-cv-00242-RH-CAS

    **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF
BUSINESS AND PROFESSIONAL
REGULATION,**

    **Defendant.**
_____/

## **PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES**

Plaintiff, by and through counsel, pursuant to 28 U.S.C. §1447(c), hereby moves to remand this action to the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, from which court it was improvidently removed. Plaintiff also moves, again pursuant to 28 U.S.C. §1447(c), for an award of attorney's fees incurred in connection with such removal and this Motion This motion is supported by the attached memorandum, incorporated herein.

### **MEMORANDUM**

This is an action, filed in state court, for public employee whistleblower retaliation (Count I), disability-based discrimination (Count II), retaliation (Count

III), hostile work environment (Count IV), retaliation under the Uniform Services Employment and Reemployment Rights Act ("USERRA") (Count V), discrimination under USERRA (Count VI), and declaratory judgment (Count VII) [Doc 1-1, pp. 405-429]. Following Plaintiff's April 26, 2017 state court filing of his Third Amended Complaint, on May 26, 2017, Defendant filed its Notice of Removal to this court ("the Notice"). [Doc 1]. Respectfully, this action was improvidently removed, and should be remanded to the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

Under 28 U.S.C. §1447(c),[1] if removal is defective, a plaintiff has thirty days from the filing of the notice of removal in which to move for remand. This Motion to Remand is therefore timely.

Also, the procedure for removal is set forth in 28 U.S.C. §1446, and Plaintiff does not dispute that Defendant's Notice was filed within thirty (30) days of the filing of the Third Amended Complaint, in which Plaintiff added his Count II

---

[1] 28 U.S.C. §1447, entitled "Procedure after removal generally," contains a Subsection (c) that reads in pertinent part as follows:

> A motion to remand a case on the basis of any defect [in removal] other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)… An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of

disability-based discrimination claim under both the Florida Civil Rights Act[2] and the federal Rehabilitation Act.[3] Thus, Plaintiff agrees that removal <u>would have been proper</u> under 28 U.S.C. §1446(b)(1)[4] <u>if</u> Plaintiff's addition of a federal claim in his Third Amended Complaint had been the first federal claim pled in this action.[5]

---

        the removal…

[2]     Chapter 760, Fla.Stats.

[3]     29 U.S.C. §794, *et seq*.

[4]     28 U.S.C. §1446, entitled "Procedure for removal of civil actions," contains a Subsection (b), entitled "Requirements; generally," that in turn contains a Paragraph (1) that reads in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…

[5]     Separate and apart from the requirement that this action be remanded to state court in its entirety under 28 U.S.C. §1446(b)(3), pursuant to 39 U.S.C. §4323(b)(2), Plaintiff's USERRA claims may not be brought in or removed to federal court. Thus, in the event this court were to deny the within Motion to Remand the action in its entirety, Plaintiff's USERRA claims would nonetheless be required severed and remanded to state court. <u>Hammett v. Dep't of Health</u>, 2013 WL 1316434, *1-2 (D.S.C. 2013), excerpting and following <u>Velasquez v. Frapwell</u>, 165 F.3d 593 (7th Cir. 1998) ("Defendant removed the action to this court, asserting federal question jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1446… Defendant filed a motion to dismiss plaintiff's USERRA claims for lack of jurisdiction. Plaintiff filed a motion to remand… USERRA claims brought against

However, in his state court [First] Amended Complaint [Doc 1-1, pp. 259-274], filed on January 14, 2015, Plaintiff set forth a federal claim in Count III, that being a claim for violation of the due process clause of the Fourteenth Amendment, brought through 42 U.S.C. §1983. [Id., pp. 271-272]. Therefore, based on the law discussed below, service of such [First] Amended Complaint constituted the initial and sole triggering event for removal, and Defendant's right to remove expired at the conclusion of the thirtieth day following such service.

That Defendant was only permitted to remove following service of the first state court complaint setting forth a federal claim is made clear in Paragraph (b)(3) of 28 U.S.C. §1446, which reads as follows:

> Except as provided in subsection (c) [addressing "removal based on diversity of citizenship"], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[6]

---

a state as an employer 'may be brought in a state court of competent jurisdiction in accordance with the laws of the state.' 39 U.S.C. §4323(b)(2)… 'Congress' intention to limit USERRA suits against states to state courts is unmistakable.' <u>Velasquez</u>… The court agrees with the magistrate judge that the court lacks subject matter jurisdiction over plaintiff's USERRA causes of action. Plaintiff's motion to remand is granted as to her first and second causes of action").

    [6]    28 U.S.C. §1446(b)(3).

In its 2016 decision in <u>Barton v. Hurricane Associates</u>,[7] the Middle District of Florida remanded to state court on the basis of 28 U.S.C. §1446(b)(3), opining as follows:

> …[Defendants] received service of process in the state action on May 16, 2016.
>
> In relation to discovery requests from defendants concerning the amount-in-controversy ("AIC"), on July 1, 2016, plaintiff's counsel sent an email to defendants' counsel ("July Email"), which advised that it "will be no secret that we believe our claim has a value in excess of $75,000, since the medical bills have exceeded that amount." Consistent with the July Email, on July 7, 2016, plaintiff produced discovery to defendants on July 7 and July 17 ("Discovery"), which confirmed that AIC in the state action exceeds $75,000.
>
> On August 8, 2016, defendants removed the state action to this court pursuant to 28 U.S.C. 1332(a), 1441(a), and 1446. Arguing that defendants' notice was untimely, plaintiff moved to remand…
>
> ***
>
> Within thirty days of removal, a plaintiff may move to remand based on any procedural defects in the removal—including untimeliness. See 28 U.S.C. §1447(c)… "If the case stated by the initial pleading is not removable," then the deadline to remove is 30 days after the defendant receives "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable," 28 U.S.C. 1446(b)(3), Such deadlines "must be strictly applied"…

---

[7] 2016 WL 6123371 (M.D.Fla. 2016).

5

>…Specifically, viewed in context, the July Email was an "other paper from which" defendant could have ascertained that the case was one which had "become removable." 28 U.S.C. 1446(b)(3). Accordingly, this action is due to be remanded to the state court.[8]

Penultimately, if Defendant were heard to argue in opposition to remand that it was not a party to this action as of the filing and service of the [First] Amended Complaint, Plaintiff points out that in that [First] Amended Complaint, no less than five of Defendant's officials were sued <u>in their official capacities</u>, including Secretary Ken Lawson and Deputy Secretary Michael Walker [Doc 1-1, pp. 272-273]. Defendant "Lawson, …in his official capacity as Secretary of the Florida Department of Business Regulation" [id.], and Defendant "Walker, …in his official capacity as Deputy Secretary of the Florida Department of Business and Professional Regulation" [id.], are simply alternative names for current Defendant

---

[8] <u>Id.</u>, 2016 WL 6123371 at *1-2, citing and following <u>Bankston v. Illinois National Insurance</u>, 43 F.Supp.2d 1380 (M.D.Fla. 2006), and <u>Burns v. Windsor Insurance</u>, 31 F.3d 1092 (11th Cir. 1994). See <u>Lambeth v. Peterbilt</u>, 2012 WL 1712692, *4 fn. 7 (S.D.Ala. 2012) ("…§1446(b)(3), which provides that 'if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. §1446(b)(3). Notwithstanding defendants' oversight concerning the amendment, the fundamental point remains: If the case is removable at its inception, then the defendant must act within 30 days after service of process. If the case later becomes removable, then the defendant must act within 30 days after receiving the paper from which it first may ascertain that fact.").

"Department of Business and Professional Regulation."[9] Therefore, this Defendant was already a party to this action when the [First] Amended Complaint was filed and served, and no "second bite at the apple" of removal is permitted under the statute.

Finally, 28 U.S.C. §1447(c), excerpted above, provides that this court's order of remand "<u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[10] In its 2005 decision addressing the precise issue of attorney's fees under this section in <u>Martin v. Franklin Capital</u>,[11] the Supreme Court established a standard for such awards:

> …[T]he standard for awarding fees should turn on <u>the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal</u>…[12]

---

[9] <u>Hobbs v. Roberts</u>, 999 F.2d 1526, 1530 (11th Cir. 1993), excerpting and following <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985) ("Official capacity suits are suits against state agencies, not against the people through whom agencies act. The Supreme Court has said that official capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity is 'a victory against the entity that employs him.' <u>Graham</u>…").

[10] 28 U.S.C. §1447(c), *supra*, emphasis added.

[11] 546 U.S. 132 (2005).

[12] <u>Id.</u>, 546 U.S. at 141.

While federal court applications of the <u>Martin</u> standard to <u>untimely</u> removals have variously granted and denied fee awards based on the underlying reason for the untimeliness, research has not revealed a single instance of untimeliness based on federal claims having been pled in a previously operative state court complaint. Plaintiff suggests that this underlying reason for untimeliness is among the most obvious, and therefore, that removal herein was unreasonable.[13] Should this Court agree, an award of attorney's fees incurred in connection with removal, including fees for the preparation of this Motion for Remand, would be appropriate.

Accordingly, based on authorities set forth above, Plaintiff requests an order remanding this action to state court and awarding Plaintiff attorney's fees incurred in connection with removal, including those incurred in preparation of this motion.

**CERTIFICATE OF TYPE AND FONT**

I hereby certify that this Motion contains 1,370 words and is typed in 14 point font.

---

[13] See <u>FCI v. Travelers</u>, 2012 WL 6681852, *3 (N.D.Okla. 2012) ("The court finds that defendant's untimely removal was objectively unreasonable under the circumstances presented. Defendant's notice of removal contained an incorrect filing date for the amended petition—the pleading upon which it based its right of removal under 28 U.S.C. 1446(b)(3)… Although the court considered issuing a show-cause order under Federal Rule of Civil Procedure 11, the court finds that a reasonable sanction would be similar to the fee award permitted by 28 U.S.C. 1447(c). Accordingly, the court orders defendant to pay plaintiffs' costs and attorney's fees pursuant to 28 U.S.C. 1447(c)").

# CERTIFICATE OF CONFERRAL

Counsel for Defendant, Robert Sniffen, was consulted about remand and the parties have discussed this issue extensively. Defendant only consents to remand if Plaintiff removes his claim under the Rehabilitation Act, which Plaintiff did not agree to do.

Dated this 16th day of June, 2017.

Respectfully submitted,

| | |
|---|---|
| /s/ Marie A. Mattox | /s/ Thomas L. Dickens, III |
| Marie A. Mattox [FBN 0739685] | Thomas L. Dickens, III [FBN 063867] |
| MARIE A. MATTOX, P. A. | DICKENS REID PLLC |
| 310 East Bradford Road | 517 East College Avenue |
| Tallahassee, FL 32303 | Tallahassee, Florida 32301 |
| Telephone: (850) 383-4800 | Telephone: (850) 629-4302 |
| Facsimile: (850) 383-4801 | Facsimile: (850) 224-2030 |
| Email: marie@mattoxlaw.com | Email: td@dickensreid.com |
| Secondary emails: | Secondary email: |
| michelle2@mattoxlaw.com | sb@dickensreid.com |
| marlene@mattoxlaw.com | ATTORNEY FOR THE PLAINTIFF |
| ATTORNEY FOR PLAINTIFF | |

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished via email and CM/ECF to all counsel of record this 16th day of June, 2017.

/s/ Marie A. Mattox
Marie A. Mattox