IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER F. KREITLOW,

    Plaintiff,

v.    CASE NO. 4:17cv242-RH/CAS

STATE OF FLORIDA, DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION,

    Defendant.

_____/

## ORDER DENYING THE MOTION TO REMAND

The question is whether the defendant state agency's removal of this action from state court was timely. Because the agency removed the action within 30 days after its first opportunity to remove, the answer is yes. This is so even though at an earlier point—before the agency became a party—the agency's secretary, who was sued in his individual and official capacities, had an opportunity to remove. For jurisdictional purposes, an agency and an official-capacity defendant are not always synonymous—and they are not here.

I

On September 9, 2014, the plaintiff Walter F. Kreitlow filed his original complaint in state court. He asserted claims under the federal Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*; the Florida Uniformed Servicemembers Protection Act, Fla. Stat. § 250.80 *et seq.*; and the common law of Florida. He sought an award of damages and other relief.

The complaint named as defendants several state officers in their individual and official capacities. One of the defendants was the Secretary of the Florida Department of Business and Professional Regulation. This order refers to that defendant as "the Secretary" and to the Department of Business and Professional Regulation as "the Department." The complaint did not name the Department itself as a defendant.

On January 14, 2015, Mr. Kreitlow filed an amended complaint against the same state-officer defendants, again in their individual and official capacities. The amended complaint added a claim under 42 U.S.C. § 1983, dropped the common-law claims, and still sought an award of damages and other relief. Mr. Kreitlow served all the defendants with the amended complaint on that same day. Based on the § 1983 claim, the defendants could have removed the action to federal court within 30 days. *See* 28 U.S.C. § 1441(a). They did not do so.

The Secretary moved to dismiss the amended complaint. He asserted that Eleventh Amendment immunity barred the § 1983 damages claim and that the USERRA claim could properly be asserted only against the Department, not against the Secretary. The state court dismissed the amended complaint but granted leave to amend.

On May 7, 2015, Mr. Kreitlow filed a second amended complaint asserting a single claim, under USERRA, against a single defendant, the Department. This was the Department's first entry into the case. Unlike most claims arising under federal law, a USERRA claim is not removable. *See* 38 U.S.C. § 4323(b)(2). The Department thus could not remove the action at that time. The Department filed an answer.

Discovery ensued. Nearly two years later, on April 26, 2017, Mr. Kreitlow filed a third amended complaint, with the Department's consent. The third amended complaint asserted disability-discrimination claims under state and federal law, a state-law whistleblower claim, and several USERRA claims. The federal disability claim arose under federal law, making the action removable—subject only to the possibility that the opportunity to remove was lost when the Secretary and other defendants chose not to remove the action within 30 days after they were served with the (removable) first amended complaint.

The Department filed a notice of removal on May 26, 2017—within 30 days after service of the third amended complaint.

II

A defendant's removal of an action is timely only if it occurs within the properly identified 30-day period. Two statutory provisions control the identification of the 30-day period here.

First, when there are multiple defendants, each defendant's 30-day period runs from service of the relevant document on *that defendant*; earlier service on a different defendant does not cut short the later-served defendant's opportunity to remove. *See* 28 U.S.C. § 1446(b)(2)(B).

Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt *by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3) (emphasis added). When applied here, the italicized reference to "the defendant" means the Department.

Together, these provisions mean that the Department had its own 30-day period in which to remove and that the period began to run when the Department was served with the third amended complaint—the first pleading asserting a removable claim against the Department. Removal was timely.

The Secretary's earlier involvement in the case does not change this result. To be sure, a state and an official-capacity state officer are equivalent in many respects. And so, for example, a damages claim against an official-capacity state officer, like a claim against the state itself, is barred by the Eleventh Amendment, unless the immunity has been waived or validly abrogated by Congress. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651 (1974). But this does not mean that a state and an official-capacity defendant are *always* equivalent for jurisdictional purposes. Quite the contrary. In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), the Supreme Court rejected the assertion that a state and an official-capacity defendant are always jurisdictionally equivalent, holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, even though, under *Ex parte Young*, 209 U.S. 123 (1908), a claim for prospective relief is not barred against an official-capacity defendant.

There are good grounds to treat the Department and Secretary as jurisdictionally distinct in this case. First, the Secretary was sued not just in his official capacity but also individually. This introduced strategic considerations related to removal that were distinct from those faced by the Department when it entered the case. Second, technical differences sometimes control over substance when analyzing jurisdictional issues, as *Ex parte Young* makes clear. Third, the substantive law sometimes treats a state and an officer differently, as may be true

here—a USERRA or federal-discrimination claim lies against a state, not against an individual officer. And fourth, in some circumstances, a state and an officer may have different attorneys. These considerations may impact a defendant's strategic decision whether to remove a case or remain in state court.

Finally, it would be an odd result to allow a plaintiff to avoid removal by asserting and then dropping claims against one set of defendants and then, after those defendants choose not to remove, adding a new otherwise-removable claim against a new defendant. The Department timely removed this action at its first opportunity.

### III

For these reasons,

IT IS ORDERED:

The motion to remand, ECF No. 5, is denied.

SO ORDERED on September 13, 2017.

s/Robert L. Hinkle  
United States District Judge